CASE NO. 21-2161

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

CAROLE ANN SAWYER,

on behalf of herself and all others similarly situated,

*Plaintiff - Appellant,*

v.

TIDELANDS HEALTH ASC, LLC,

*Defendant - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA AT CHARLESTON

**APPELLANT'S SUPPLEMENTAL BRIEF**

Marybeth E. Mullaney
MULLANEY LAW FIRM
652 Rutledge Avenue, Suite A
Charleston, SC 29403
843-588-5587
marybeth@mullaneylaw.net

*Counsel for Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………..… 3

INTRODUCTION……………………………………………………….…..4

ARGUMENT……………………………………………...……………...5

    I. The District Court Should Have Declined to Exercise Supplemental Jurisdiction Over Appellant's State-Law Claim.
        A. Legal Standard
        B. Multiple Factors Warranted Declining Jurisdiction.
        C. Principles of Fairness and Economy do not Support Retaining Jurisdiction Over Appellant's SCPWA Claim.
        D. The Statute of Limitations Should be Tolled During these Proceedings

CONCLUSION…………………………………………………………….9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

## CASES

*Archie v. Nagle & Zaller*, P.C., 790 F. App'x 502 (4th Cir. 2019)…………..5

*City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997)….6,8

*Jordahl v. Democratic Party of Virginia,* 122 F.3d 192 (4th Cir. 1997)…….5

*Price v. Brody Mining, LLC,* No. 2:10-cv-00700, 2010 WL 2486343 (S.D. W.Va. June 15, 2010)……………………………………………………………….7

*Redd v. McDowell Cnty. Bd. of Educ.*, 976 F. Supp. 2d 838 (S.D. W. Va. 2013), *aff'd*, 561 F. App'x 278………………………………………..……6,7

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)……………5,7

*Walker v. City of Salisbury*, 170 F. Supp. 2d 541, 552 (D. Md. 2001)……….7

## STATUTES

28 U.S.C. § 1367(a)……………………………………………………….5

South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, *et seq*………………………………………………………………4,5,6,7,8,9

Pursuant to the Court's November 15, 2022, Order (Doc. 32), Appellant Carol Ann Sawyer ("Sawyer") files this Supplemental Reply brief addressing whether the district court properly exercised jurisdiction over her claim under the South Carolina Payment of Wages Act (SCPWA). Oral argument in this matter is scheduled for December 7, 2022.

## INTRODUCTION

Appellant respectfully submits that the district court improperly exercised jurisdiction over her claim against Appellee Tidelands Health ASC, LLC under the SCPWA. Although Appellant recognizes that 28 U.S.C. § 1367 confers discretion on the district court regarding the exercise of supplemental jurisdiction, the statute outlines four factors for the district court to consider in deciding whether to exercise supplemental jurisdiction. At least one of those factors—the district court's dismissal of all claims over which it has original jurisdiction—is indisputably present. Two other factors outlined in the statute also arguably are present. Thus, the district court should have considered the principles of "the values of judicial economy, convenience, fairness, and comity" in deciding whether to retain jurisdiction. Those principles do not support the district court's exercise of supplemental jurisdiction over Appellant's SCPWA claim. Given the district court's dismissal of Appellant's federal claims, however, and in consideration of other

4

factors present in 28 U.S.C. § 1367, Appellant respectfully submits that a state court should determine her SCPWA claim.

## ARGUMENT

I.  **The District Court Should Have Declined to Exercise Supplemental Jurisdiction Over Appellant's State-Law Claim.**

    A. <u>Legal Standard</u>

This Court reviews a district court's decision to decline to exercise supplemental jurisdiction for abuse of discretion. *See e.g. Jordahl v. Democratic Party of Virginia,* 122 F.3d 192, 203 (4th Cir. 1997), *Archie v. Nagle & Zaller*, P.C., 790 F. App'x 502, 505 (4th Cir. 2019). A federal district court has supplemental jurisdiction over state law claims "that are so related to claims in the action within [the District Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[T]he federal claim must have sufficient substance to confer subject matter jurisdiction on the court. The state and federal claims must derive from a common nucleus of operative facts." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (citation omitted.) The Court, however, may decline to exercise supplemental jurisdiction over a claim if one of the following factors exist:

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Redd v. McDowell Cnty. Bd. of Educ.*, 976 F. Supp. 2d 838, 849 (S.D. W. Va. 2013), *aff'd*, 561 F. App'x 278 (4th Cir. 2014) (*citing* 28 U.S.C. § 1367(c)). If one of the four factors is present, the determination of whether to decline the exercise of supplemental jurisdiction is discretionary and must be guided by "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

B. <u>Multiple Factors Warranted Declining Jurisdiction.</u>

The district court should have declined to exercise jurisdiction because (1) it dismissed all of Appellant's federal claims, and Appellant's claim under the SCPWA is an issue purely of state law; (2) Appellant's SCPWA claim raises a complex issue of state law; and (3) Appellant's SCPWA claim, though arising from her employment-related federal claims, is not so intertwined with her federal claims so as to make the claims inseparable.

The district court, in its September 21, 2021, opinion, dismissed Appellant's federal claims for FMLA interference and retaliation. Appellant's remaining claim, her SCPWA claim, is an issue purely of state law. Accordingly, the district court should have dismissed Plaintiff's state court claims without prejudice. The Supreme Court has cautioned against the use of supplemental jurisdiction and suggested that

6

in cases where the federal claims are dismissed before trial, "the state claims should be dismissed as well." *United Mine Workers,* 383 U.S. at. 726, *see also Walker v. City of Salisbury*, 170 F. Supp. 2d 541, 552 (D. Md. 2001) (declining to exercise pendent jurisdiction over plaintiffs' remaining state law claims when the court granted defendants' motion to dismiss all of plaintiffs' federal claims against the defendant).

Further, the facts of that claim, are distinct from her FMLA interference and retaliation claims. Specifically, Appellant's SCPWA claim is premised on her belief that Appellee violated the SCPWA through its Wage Deduction Program (WDP), which is a purely state law. The facts of that claim are distinct from the facts underlying Appellant's federal claims, which the district court dismissed. Accordingly, the district court should have declined to exercise jurisdiction over Appellant's SCPWA claim. *See Redd*, 976 F. Supp. 2d at 844 (*citing* 28 U.S.C. § 1367(c)) (where the court dismissed plaintiff's federal claims, remanding the case to state court pursuant 28 U.S.C. § 1367(c)); *Price v. Brody Mining, LLC*, No. 2:10-cv-00700, 2010 WL 2486343 (S.D. W.Va. June 15, 2010) (remanding state law claims to state court following the dismissal of plaintiff's federal claims).

### C. Principles of Fairness and Economy do not Support Retaining Jurisdiction Over Appellant's SCPWA Claim.

As explained above, where one or more factor outlined in 28 U.S.C. § 1367 is present, the Court's determination of whether to decline the exercise of supplemental

jurisdiction is discretionary and must be guided by "the values of judicial economy, convenience, fairness, and comity." *City of Chicago*, 522 U.S. at 173. In totality, these values do not weigh in favor of the district court's exercise of supplemental jurisdiction.

With respect to judicial economy, because there has not yet been a trial in this matter, a state court proceeding will not be duplicative of any federal court proceeding. Thus, judicial economy does not support depriving Appellant of her right to have her SCPWA claim heard in state court.

Regarding convenience and fairness, similarly, these values do not support the district court's exercise of jurisdiction over the SCPWA claim. To the contrary, a state court is a far more convenient forum than the district court, as the state court is better suited to resolving disputes under the SCPWA claim, as that is a question of state law unrelated to any federal question. In the absence of a tie to a federal question or inseparable facts between Appellant's dismissed federal claim and her SCPWA, the principles of fairness and convenience weigh in favor of remanding the case to state court.

Finally, the principle of comity does not support the district court's exercise of jurisdiction. Again, to the contrary, the principle of comity supports a state court's determination of a claim arising under the SCPWA, a state law statute.

D. <u>The Statute of Limitations Should be Tolled During these Proceedings.</u>

Under 28 U.S.C. § 1367, the statute of limitations on Appellant's SCPWA claim should be tolled while the action has been pending in federal court. The limitations period for any claim asserted under a federal court's supplemental jurisdiction is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

Following her final paycheck on September 12, 2018, Appellant timely filed her SCPWA claim, along with her federal claims, within the three-year statute of limitations applicable to her claim, on June 4, 2019. Thus, the statute of limitations should be tolled during the pendency of the federal court proceeding, and Appellant may timely file her SCPWA claim in state court if the Court declines to exercise supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, the district court should have declined supplemental jurisdiction over Appellant's SCPWA claim.

Dated: November 28, 2022

                Respectfully submitted,

                <u>s/Marybeth Mullaney</u>
                Marybeth E. Mullaney
                MULLANEY LAW FIRM
                652 Rutledge Avenue, Suite A

Charleston, SC 29403
843-588-5587
marybeth@mullaneylaw.net
Attorney for Appellant
Carol Ann Sawyer

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1753 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman Size 14.

s/Marybeth Mullaney
Marybeth E. Mullaney
MULLANEY LAW FIRM
652 Rutledge Avenue, Suite A
Charleston, SC 29403
843-588-5587
marybeth@mullaneylaw.net
*Attorney for Appellant*
*Carol Ann Sawyer*

Dated: November 28, 2022

## CERTIFICATE OF FILING

I HEREBY CERTIFY that on this 28th day of November 2022, I electronically filed the foregoing Supplemental Brief of Appellant. I further certify that the following attorney is registered ECF participants for whom service of the brief will be accomplished by the CM/ECF system: Thomas A. Bright.

                                                      s/Marybeth Mullaney
                                                     Marybeth E. Mullaney
                                                     MULLANEY LAW FIRM
                                                     652 Rutledge Avenue, Suite A
                                                     Charleston, SC 29403
                                                     843-588-5587